# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION
# CIVIL ACTION NO. 12-374-SJD-JGW

ADAM MAY                                                                      PLAINTIFF

v.

ADDISON STONEWALL, ET AL.                                                     DEFENDANT

## REPORT AND RECOMMENDATION

Before the Court are two related motions by *pro se* plaintiff: a motion for voluntary dismissal (Doc. 5), and a motion to remand the case to state court (Doc. 9). The case was initially removed to federal court by defendants because, in addition to a state law negligence claim, plaintiff made what could be construed as a claim for deliberate indifference to a serious medical need under 42 U.S.C. § 1983. In his motion for voluntary dismissal, plaintiff argued that he did not intend to plead a § 1983 claim and would like the case back in state court. Doc. 5. Plaintiff's motion, however, was somewhat unclear as to whether he sought to dismiss the entire case or only the § 1983 claim, and whether he wished to do so with or without prejudice. *See* Doc. 6. Defendants responded that they did not oppose plaintiff's motion to voluntarily dismiss the § 1983 claim, so long as it was with prejudice, but that they did oppose a dismissal without prejudice. Doc. 6. If the claim was dismissed with prejudice, defendants were also not opposed to remanding the case to state court. *Id*.

Thereafter, plaintiff filed a motion to remand, wherein he agrees with defendants and asks the Court to dismiss his § 1983 claim with prejudice and remand the case to state court on the remaining claims. Doc. 9. Defendants reiterated their position and do not oppose plaintiff's motion. Doc. 10.

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, plaintiff's motion for voluntary dismissal will be granted to the extent that plaintiff's federal claim for deliberate indifference to a serious medical need under 42 U.S.C. § 1983 is dismissed with prejudice. Because the Court would lack subject matter jurisdiction following the dismissal of the only federal claim pleaded in the case, plaintiff's motion to remand the remaining state law claims back to state court should also be granted, pursuant to 28 U.S.C. § 1447(c). Accordingly,

IT IS RECOMMENDED:

1. Plaintiff's motion for voluntary dismissal [Doc. 5] should be **granted** to the extent that his federal claim for deliberate indifference to a serious medical need under 42 U.S.C. § 1983 is dismissed with prejudice; and

2. Plaintiff's motion to remand [Doc. 9] should be **granted**, and the case should be remanded back to the Court of Common Pleas, Clinton County, Ohio.


This, the 4th day of September, 2012.	s/ J. Gregory Wehrman
	J. Gregory Wehrman
	Federal Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CIVIL ACTION NO. 12-374-SJD-JGW

ADAM MAY                                                          PLAINTIFF

v.

ADDISON STONEWALL, ET AL.                                         DEFENDANT

## NOTICE

Attached hereto is the Report and Recommended Decision of the Honorable J. Gregory Wehrman, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).